UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MORTEZA SHAFINURY §<br>   *Plaintiff* §<br>§<br>v. §<br>§<br>AMRISC, LLC, §<br>CERTAIN UNDERWRITERS AT §<br>LLOYD'S LONDON, INDIAN HARBOR §<br>INSURANCE COMPANY, §<br>QBE SPECIALTY INSURANCE §<br>COMPANY, STEADFAST INSURANCE §<br>COMPANY, GENERAL SECURITY §<br>INDEMNITY COMPANY OF ARIZONA, §<br>UNITED SPECIALTY INSURANCE §<br>COMPANY, LEXINGTON INSURANCE §<br>COMPANY, PRINCETON EXCESS AND §<br>SURPLUS LINES INSURANCE §<br>COMPANY, INTERNATIONAL §<br>INSURANCE COMPANY OF §<br>HANNOVER SE, and OLD REPUBLIC §<br>UNION INSURANCE COMPANY § | CIVIL ACTION NO. 4:19-CV-00038 |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Certain Underwriters at Lloyd's, London ("Lloyd's"), Indian Harbor Insurance Company ("Indian Harbor"), QBE Specialty Insurance Company ("QBE"), Steadfast Insurance Company ("Steadfast"), General Security Indemnity Company of Arizona ("General Security"), United Specialty Insurance Company ("United Specialty"), Lexington Insurance Company ("Lexington"), Princeton Excess and Surplus Lines Insurance Company ("Princeton Excess and Surplus Lines"), International Insurance Company of Hannover SE, Old Republic Union Insurance Company ("Old Republic") (collectively "Defendants") hereby exercise their right pursuant to 28 U.S.C. §§ 1441 and 1446 and 9 U.S.C. §§ 202, 203 and 205 to remove this action from the 125th Judicial District Court of Harris County, Texas, in which it is now pending under Cause No. 2018-

81479; *Morteza Shafinury v. Amrisc, LLC, Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Princeton Excess and Surplus Lines Insurance Company, International Insurance Company of Hannover SE, Old Republic Union Insurance Company.* In support of their Notice of Removal, Defendants show as follows:

## I. INTRODUCTION

1.1   The state court action which is removed to this Court is Cause No. 2018-81479; *Morteza Shafinury v. Amrisc, LLC, Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Princeton Excess and Surplus Lines Insurance Company, International Insurance Company of Hannover SE, Old Republic Union Insurance Company* and was originally filed in the 125th Judicial District Court of Harris County, Texas on November 12, 2018. This matter arises out of an alleged breach of an insurance contract on a property insurance claim. Specifically, the Insurer Defendants provide insurance to Plaintiff for coverage to specified real property, subject to certain conditions, limitations, and exclusions.

1.2   In removing this cause, Defendants specifically preserve and do not waive any affirmative defenses whatsoever. Defendants also specifically preserve and give notice of their right to seek dismissal and to compel arbitration of this dispute, and Defendants will be filing a motion seeking that relief subsequent to the removal of this cause.

1.3   Pursuant to Local Rule ("LR") 81 of the Southern District of Texas, Defendants are filing with this Notice of Removal the following:

1) An index of matters being filed;

2) Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

3) All orders signed by the state judge (none);

4) The docket sheet;

5) All executed process in the case; and

6) A list of all counsel of record, including addresses, telephone numbers and parties represented.

## II. BASIS FOR REMOVAL

2.1   **Removal.** Removal is supported by federal question under 28 U.S.C. §§ 1441 and 1446. Defendants assert that there is a valid arbitration clause that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, (also known as the "Convention"), and, thus, this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203, and 205.

The insurance policy sued upon provides for arbitration as follows:

**SECTION VII - CONDITIONS**

. . .

C. ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred.

Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

All costs of the Arbitration shall be in the discretion of the Arbitration Tribunal who may direct to and by whom and in what manner they shall be paid.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature.

The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

. . .

On October 4, 2018, the Insurers informed Plaintiff in writing of Insurers' right to arbitrate.

2.2   This action is properly removed under the Convention (28 U.S.C. §§ 1441 and 1446) to the Southern District of Texas – Houston Division, as the district embracing the 125th District Court of Harris County, Texas in which the state court action was pending. The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. As the Supreme Court has explained, "[t]he goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed

and arbitral awards are enforced in the signatory countries." *Scherk* v. *Alberto-Culver Co.,* 417 U.S. 506, 520 n. 15 (1974). In 1970, Congress enacted Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208, (the "Convention Act") "to establish procedures for our courts to implement the Convention." *McDermott Int'l, Inc.* v. *Lloyd's Underwriters of London,* 944 F.2d 1199, 1208 (5th Cir. 1991).

Section 208 of the Convention Act incorporates the Federal Arbitration Act ("FAA") into Convention Act to the extent the FAA is not inconsistent with the Convention Act or the Convention. *See* 9 U.S.C. § 208.

This cause is properly removed based on federal question, the FAA and the referenced provisions of the Convention Act, including but not limited to Section 202, which provides:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

*See* 9 U.S.C.A. § 202 (West).

Article II of the Convention further clarifies which arbitration agreements are subject to the Convention. Article II states, in pertinent part, as follows:

1. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.

2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

*See* Convention on the Recognition and Enforcement of Foreign Arbitral Awards art. II(1-2), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3.

The Fifth Circuit has routinely acknowledged removal and jurisdiction based on an arbitration agreement subject to the Convention Act. *See McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991); *Port Cargo Serv., LLC v. Certain Underwriters at Lloyd's London*, CV 18-6192, 2018 WL 4042874, at *8 (E.D. La. Aug. 24, 2018); *Acosta v. Master Maint. and Constr. Inc.*, 452 F.3d 373, 376 (5th Cir. 2006); *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002).

> The Convention contemplates a very limited inquiry by a court when considering a motion to compel arbitration. If the following facts exist, the convention requires the district court to order arbitration:
>
> (1) There is an agreement in writing to arbitrate the dispute;
>
> (2) The agreement provides for arbitration in the territory of a convention signatory;
>
> (3) The agreement to arbitrate arises out of a commercial legal relationship; and
>
> (4) There is a party to the agreement who is not an American citizen.

*Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Ceramica*, 855 F. Supp. 163, 166–67 (N.D. Tex. 1994) (citing *Sedco v. Petroleos Mexicanos Nat'l Oil,* 767 F.2d 1140, 1144–45 (5th Cir.1985).

This lawsuit involves a commercial dispute under a written agreement that includes a valid arbitration agreement. The arbitration clause calls for the seat of arbitration to be in the United States, specifically New York state. The United States is a signatory to the Convention. In addition to the arbitration clause, the insurance policy provides that the Insurers shall be subject to the jurisdiction of the court, as necessary to enforce the arbitration provisions contained in the policy.

Hannover is a party to the insurance policy and arbitration agreement and a named Defendant in the case. Hannover is not a citizen or resident of Texas or any other state within the United States. Hannover is organized and registered under the laws of the Germany and maintains its principal place of business in Hannover, Germany. Germany is a signatory country to the Convention.

Underwriters are comprised of the following:[1]

- QBE Syndicate 1886 – an unincorporated association, headquartered in London, England, with members who are registered in England.

- Kiln Syndicate 510 – an unincorporated association, the managing agent of which is Tokio Marine Kiln Syndicates Limited and the majority corporate member is Tokio Marine Kiln Group Limited, registered in England and Wales, which has its principal place of business in London, England.

- Hiscox Syndicate 33 – an unincorporated association headquartered in London, England, with members who are registered in England.

The United Kingdom of Great Britain and Northern Ireland is a signatory to the Convention.

As such, the elements necessary for removal under the Convention have been satisfied. In this regard, the Eastern District of Louisiana recognized that the Convention applies to Hannover's and Underwriters' insurance policies and lawsuits concerning such insurance policies are removable to federal court. *Port Cargo Serv., LLC v. Certain Underwriters at Lloyd's London*, CV 18-6192, 2018 WL 4042874, at *8 (E.D. La. Aug. 24, 2018).

---

[1] This is not a complete list of the Underwriters participating in the insurance policy but shows the extent to which the entities are citizens of countries other than the United States. It is understood that the remainder of the participating Underwriters are primarily comprised of citizens of countries other than the United States.

2.3. **Timeliness.** Section 205 of the Convention expressly states, "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, **at any time before the trial thereof**, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. 9 U.S.C.A. § 205 (West) (emphasis added). "When discussing the provisions of § 205, the Fifth Circuit has said that: Under § 1441(d), a defendant may remove 'at any time for cause shown,' and under § 205, a defendant may remove 'at any time before the trial.' Other cases may be removed only within thirty days after the defendant receives a pleading." *Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Ceramica*, 855 F. Supp. 163, 166 (N.D. Tex. 1994); *See McDermott Int'l, 944 F.2d* at 1212. As such, removal is timely.

2.4. **Joinder and Consent to Removal by All Defendants.** This cause has been removed by all Defendants through undersigned counsel except Amrisc who has consented to removal. In any event, consent is not required. *See e.g., Arango v. Guzman Advisors Corp.*, 621 F.2d 1371 (5th Cir. 1980) (holding that an international party has right to remove regardless of any other party's consent).

2.5. **Notice to Others.** In accordance with 28 U.S.C. § 1446(d), Defendants will promptly give notice to all parties in writing and shall file a copy of the notice of removal with the Clerk of the state court.

### III. CONCLUSION

3.1    Defendants remove this action to the United States District Court for the Southern District of Texas – Houston Division pursuant to 28 U.S.C. §§ 1441 and 1446 and 9 U.S.C. §§ 202, 203, and 205.

3.2     Defendants respectfully request that this Court take jurisdiction in this civil action to its conclusion to the exclusion of any further proceedings in the State Court in accordance with federal law.

WHEREFORE, Defendants Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Princeton Excess and Surplus Lines Insurance Company, International Insurance Company of Hannover SE, Old Republic Union Insurance Company respectfully request that this Court remove this action from the 125th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

By: */s/ W. Montgomery Briscoe*
   W. Montgomery Briscoe
   State Bar No. 03014500
   Federal Bar No. 7004
   wmb@egglestonbriscoe.com

EGGLESTON & BRISCOE, LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Telephone
(713) 951-9920 – Facsimile

ATTORNEY-IN-CHARGE FOR DEFENDANTS,
CERTAIN UNDERWRITERS AT LLOYD'S
LONDON, INDIAN HARBOR INSURANCE
COMPANY, QBE SPECIALTY INSURANCE
COMPANY, STEADFAST INSURANCE
COMPANY, GENERAL SECURITY
INDEMNITY COMPANY OF ARIZONA,
UNITED SPECIALTY INSURANCE COMPANY,

LEXINGTON INSURANCE COMPANY, PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY, INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE, and OLD REPUBLIC UNION INSURANCE COMPANY

OF COUNSEL:

William J. Eggleston
State Bar No. 06483500
Southern District of Texas Bar No. 1989
wje@egglestonbriscoe.com
EGGLESTON & BRISCOE, LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Telephone
(713) 951-9920 – Facsimile

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Notice of Removal was served on the following counsel by certified mail, return receipt requested on the 4th day of January 2019, as follows:

| | |
|---|---|
| Jeffrey L. Raizer | Scott A. Shanes |
| Andrew P. Slania | Scott.shanes@clarkhillstrasburger.com |
| Amy B. Hargis | Sarah N. Wariner |
| Ben Wickert | Sarah.wariner@clarkhillstrasburger.com |
| RAIZNER SLANIA, LLP | CLARK HILL STRASBURGER |
| 2402 Dunlavy Street | 2600 Dallas Parkway, Suite 600 |
| Houston, Texas 77006 | Frisco, Texas 75034 |
| *Facsimile: (713) 554-9098* | *Facsimile: (469) 287-3999* |
| efile@raiznerlaw.com | |

/s/ *W. Montgomery Briscoe*
W. Montgomery Briscoe